Follett, J.
During 1883 and 1884 the defendants were Tenderers of tallow at Syracuse, New York; and the plaintiff was a manufacturer of soap, at Binghamton, New York. At divers dates between November 16, 1883, and March 13, 1884, the defendants sold and delivered to the plaintiff 230 barrels, 67,164 pounds, of tallow, at various prices, ranging from seven and one-sixteenth cents, to seven and one-half cents per pound, aggregating $4,871.12. All of this tallow had been paid for except twenty barrels, shipped on the following dates:

The tallow was purchased for the purpose of being made into soap and was so used, as the defendants well knew. *358 The plaintiff claims that March 12, 1884, he discovered that the tallow was adulterated, and on the fifteenth of March he brought this action, alleging that the tallow was purchased, for use in the manufacture of soap, .as defendants well knew, and that they warranted and agreed to sell and deliver to plaintiff tallow of a grade or quality known as prime tallow; but in violation of their agreement, they delivered an article which contained about thirty per cent of dust or sand, claiming (after allowing $404.18 unpaid on the last three shipments), the sum of $1,028, damages.
The plaintiff and others, who examined this tallow, testified that it contained a large percentage of marble dust. The defendants manufactured the tallow and must have known whether it was adulterated, and if it was, whether ■ to the extent testified to by the plaintiff and his witnesses; nevertheless, the defendants gave no evidence on this issue.
It must be accepted as an established fact that the defendants mixed a large percentage of marble dust with tallow and shipped it to the plaintiff; and it only remains to be determined whether the defendants are liable, under their contract, for the resulting damages. The contract was made, and is evidenced by letters exchanged between the parties, interpreted by the situation of the parties and the course of business established between them. The defendants were manufacturers of tallow at Syracuse. The plaintiff was a manufacturer of soap at Binghamton, and purchased the tallow for the purpose of manufacturing it into soap, as the defendants well knew. November 6, 1883, -the defendants wrote plaintiff: “We have engaged in the business of rendering tallow here. * * * We produce fine, hard, light colored tallow and ship it in sugar barrels. * We will sell you one-fourth cent under New York market if you pay freight and send us quick cash on receipt of tallow. November 7, 1883, plaintiff replied: You may ship me four or five barrels as samples, and if satisfactory, when I work off some on hand, will buy more. November 8, 1883, defendants wrote plaintiff: Now what will you give us for three to five barrels, if quality proves to be prime city rendered tallow? November 10, 1883, plaintiff replied that he would give one-fourth of one cent below New York market, pay the freight and the purchase price promptly. November 16, 1883, the plaintiff received five barrels of tallow, which he examined and found to be good, prime, city rendered tallow. When this tallow was sent, defendant wrote: In pursuance of yours of November 10th, we send to-day, by D. S. & W., five barrels of our tallow to you. We send-them just as they come in our rendering. We. have only good white tallow. After this correspondence, *359 the defendants shipped to plaintiff, two hundred and ■twenty-five barrels of tallow in divers shipments, which plaintiff manufactured into soap. The defendants clearly contracted to deliver to plaintiff, tallow; not a substance of which marble dust formed a large percentage. In addition to this, defendants stipulated to deliver tallow of a specified quality. The correspondence, the course of dealing, the purpose for which the tallow was purchased, justified the jury in finding that all of the deliveries were to he prime fallow. The defendant’s position that the plaintiff ought to have discovered the defect before using, and rejected the tallow, cannot be maintained. The plaintiff had a right to rely upon the integrity of the defendant, and repose upon the belief that he would receive tallow, instead of tallow mixed with marble dust. The plaintiff’s right to recover in this case was considered, and the authorities examined by Mr. Justice Martin in an opinion delivered in December, 1885, and we think a correct conclusion was then reached.
The evidence, in respect to the contract and its breach, seems to have been identical upon both trials, and further discussion is unnecessary.
The judgment and order are affirmed, with cbsts
Hardin, P. J., and Martin, J., concur.